### PRESTON *vs.* ZABRISKY.

**APPEAL FROM THE COURT OF THE CITY AND PARISH OF NEW-ORLEANS.**

It behooves the plaintiff in a possessory action, to show that he possessed as owner, or that as *usu fructuary*, he was entitled to the use, or had a real right growing from such real estate or slaves.

This suit was brought to recover the possession of two slaves, of which the plaintiff alleged he had been fraudulent-ly dispossessed by the defendant.   It appeared from the evi-

dence, that the defendant had sent the slaves to the plaintiff, and at the same time received from the latter three others. The slaves remained with the plaintiff about two months, when they were ordered back by the defendant, to whom they returned. Judgment of nonsuit, from which the plaintiff appealed.

*Hoffman* for appellant:

1st. The evidence estalishes clearly, that the plaintiff possessed as owner, and that he was fraudulently dispossessed by the defendant.—*Code of Practice* 47, 53, 54.

2d. No evidence of title could be offered in this action.

*Morse*, contra:

1st. The evidence shows that the slaves were on trial, and were in possession of plaintiff, conformably to article 49 C.P.

*Martin, J.*, delivered the opinion of the court.

This is a possessory action for two slaves, which the plaintiff alleges were fraudulently taken from his possession. The general issue was pleaded; there was judgment as in the case of a nonsuit, and the plaintiff appealed.

The record shows that the slaves were sent to the plaintiff by the defendant, who, a few weeks after sent orders, by a black boy, to them to return home, which they did.

The evidence does not enable us to discover for what purposes the slaves were sent to the plaintiff. During the argument his counsel has urged, they were sent in exchange for one or more others, sent by the plaintiff to the defendant; while the latter's counsel has urged an exchange was contemplated, and the slaves reciprocally sent on trial.

It behooves the plaintiff to have shown that he possessed the slaves as owner, or *usa fructuary*, that he was entitled to their use, or had a real right growing from these slaves.—*C. of Prac.* 47.—One year's peaceable possession, or a possession of less than one year and on eviction by fraud or violence.—*Id.* 40, 2.

It behooves the plaintiff in a possessory action to show that he possessed as owner, or that as usu fructuary he was entitled to the use, or had a right growing from such real estate or slaves.

No possession in the plaintiff, of the nature of that required by the Code has been shown. His seems to have been a mere precarious possession. It lasted but a few weeks. The defendant would not have been guilty of fraud had he ordered the slaves home, and he connot be said to have been so, by sending orders to them to return, by a black boy. He is a free colored person, and may have been deterred from going to the plaintiff's house to order his slaves home, by the apprehension of giving rise to some altercation.

It is therefore ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.