KEMPER'S HEIRS *vs.* HULICK.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, JUDGE LEWIS PRESIDING.

The allegation of ownership is necessary in a possessory action, in order to show the capacity in which the party claims possession of the property.

Where the prayer of the petition shows it to be exclusively a possessory action, the defendant by setting up title, cannot turn it into a petitory one.

This is a possessory action, in which the plaintiffs claim the possession of a negro man named Stephen, which they allege, they and. their ancestor, Nathan Kemper, had been a long while in the quiet and peaceable possession, say, fifteen years; until the defendant, without their knowledge or consent, about the 9th of April, 1837, inveigled and enticed him away from their lawful possession, and still retains him. They pray that the defendant be required to deliver up said slave, and pay them five hundred dollars in damages.

The defendants excepted to the petition, and averred that the plaintiffs had, on or about the 13th April, 1837, instituted a petitory action against her, for the slave Stephen, and afterwards dismissed it; whereby they are prohibited from bringing a possessory action.

The case was tried on this exception. The record of the former suit was produced in evidence. The petition alleges that "the slave Stephen was the property of Nathan Kemper, their deceased ancestor, and after his death, continued to be the property of, and *in possession* of petitioners, until the 9th April, 1837, when one Eliza Hulick, inveigled said slave from the plantation, &c." They pray that "Eliza Hulick be adjudged to *deliver up the possession* of the slave Stephen, &c.; *and for general relief.*"

The defendant joined issue, and avowed that said slave never was the property of Nathan Kemper deceased, or of the plaintiffs, but that her deceased husband, William Kemper, was the true owner for many years, and up to his death, and

he was inherited by his minor son, her child, of whom she is the tutrix. That said slave was in the possession of her deceased husband at his death, and has continued in her possession ever since. She prays that the plaintiffs' suit be dismissed.

The plaintiffs voluntarily dismissed this suit the same year, and have since instituted the present one.

The district judge gave judgment sustaining the exception, and the plaintiffs appealed.

*Splane*, for the plaintiffs.

*Gibbons*, for the defendant, insisted that the plaintiffs set up title to the slave, which, coupled with the prayer for general relief, would sustain a petitory action. This being the case, they must confine themselves to this action. It being the higher or greater one, the lesser or possessory action was merged in it. The judgment sustaining the exception was, therefore, proper.

*Morphy, J.,* delivered the opinion of the court.

This is a possessory action, to which defendant excepted, on the ground that plaintiffs had heretofore brought a petitory action for the same property, which they had discontinued. This exception having prevailed, the plaintiffs appealed.

Our only inquiry must be, as to the nature of the first suit. If it was a petitory one, the exception was properly sustained. *Code of Practice, article 54.*

On examining the first record, we cannot view it in any other light than that of a possessory action. After setting forth all the material circumstances required by the Code of Practice in possessory actions, the petition concludes with a prayer that defendant be decreed to deliver up, to plaintiffs, the possession of their slave, &c. In her answer, the defendant sets up title. We have been at a loss to discover what circumstance could have induced the judge below to consider the first suit as a petitory action, unless it be an allegation of ownership, to be found in the body of the petition. But this allegation was a proper one in a possessory action. It was

The allegation of ownership is necessary in a possessory action, in order to show the capacity in which the party claimed possession of the property.

WESTERN DIST.
September, 1840

KEMPER'S HEIRS
*vs.*
HULICK.

Where the prayer of the petition shows it to be exclusively a possessory action, the defendant by setting up title, cannot turn it into a petitory one.

necessary to state in what capacity plaintiffs had been in possession of the slave, when disturbed. *Code of Practice, article* 47. The prayer of the petitioner, which determines the character of the action, shows this one to have been exclusively possessory; and the defendant, by setting up title, could not change it into a petitory one. Had the suit proceeded to trial, all evidence of title would have been excluded; because, in mere actions, *recuperandœ possessionis,* the fact of possession alone, is at issue.

It is, therefore, ordered, that the judgment of the court below be annulled, avoided and reversed, and it is further ordered, that the exception to plaintiffs' action be overruled, and the case remanded to be proceeded in according to law, the defendant and appellee paying costs in both courts.