### GOVY HOOD v. HELOISE SEGREST.

The character of the action, whether petitory or possessory, is not determined by the allegations in the petition alone, but by the prayer of the petition and the allegations.

Where the petition alleges that plaintiff had both the property and the possession of certain slaves, and concludes with a prayer that the defendant be condemned to deliver up *the possession,* the prayer makes the action a possessory one; had the latter been for *the recovery* of the slaves, the action would have been a petitory one. So where the petition avers that the plaintiff owned, and had possessed as owner certain slaves, and prays that he may have *judgment for them,* the action will be a petitory one.

APPEAL from the District Court for the parish of Carroll, *Tenney,* J. The evidence on the trial of this case established that the slaves sued for were taken from the plantation of the plaintiff, on the night of the 18th of July, 1840, and were subsequently found in possession of the defendant. It was also proved that the plaintiff had been in possession of them for upwards of twelve months preceding. No evidence was offered to prove plaintiff's title to them. The verdict found, 'for the plaintiff, for the possession of the negroes sued for'; and the judgment was, ' that he recover from the defendant the possession' of them.

MARTIN, J. In this case the plaintiff alleges that 'he is the owner and has possessed *as owner*, for more than a year,' four slaves, to wit: Lucy and her three children, which are in the possession of the defendant, who refuses to deliver them up. He prays that they be sequestered, and that he have judgment *for said slaves* against the defendant, and for $200 damages; and that they be delivered to him.

The defendant pleaded the general issue, and set up other matters of defence.

The case was tried by a jury, who returned a 'verdict for the plaintiff, for the possession of the slaves sued for.' From the judgment rendered on this verdict, the defendant appealed.

The plaintiff begins by stating that he is owner, and has been in the possession of the slaves sued for. After such an allegation, the conclusion of the petition might well support either a petitory or a possessory action—a petitory action, if the plaintiff demanded the title and restoration of the slaves; a possessory one, if he demanded the possession only. It is not the allegations, but the prayer of the petition and the allegations, that give character to the action. In the case of *Kemper's Heirs* v. *Hulick*, 16 La., 44, the plaintiffs, in the allegations of their petition say, they had the *property and possession* of the slave sued for, and pray that the defendant *deliver up the possession* of said slave. It was the prayer that made the action a possessory one; had he prayed for the *recovery* of the slave, the action would have been a petitory one. In the present case the plaintiff does not pray that he may recover the *possession* of the slaves, but that *he have judgment* for them. This gave to his action the character of a petitory one.

The evidence does not establish title in the plaintiff to support a petitory action, and the court in our opinion erred, in considering the present suit as a possessory action.

It is therefore ordered that the judgment of the district court be reversed, the verdict set aside, and the case remanded for further proceedings according to law; the plaintiff and appellee paying the costs of the appeal.

*Selby*, for the plaintiff.

*Copley*, for the defendant and appellant.