Forman vs. Board.

## No. 8870.

B. R. FORMAN VS. THE BOARD OF ASSESSORS AND J. D. HOUSTON, TAX COLLECTOR.

| 35 | 825 |
| 47 | 1509 |
| 35 | 825 |
| 111 | 1004 |
| 35 | 825 |
| 120 | 782 |

There exists no legislative authority for the assessment or levy of an income tax, under the existing revenue and assessment laws.

APPEAL from the First City Court of New Orleans. *Skinner, J.*

*B. R. Forman* and *Bayne & Dénègre* for Plaintiff.

The opinion of the Court was delivered by

FENNER, J. The question involved in this case is the constitutionality or legality of a tax on the *income* of plaintiff.

We have no occasion to determine whether, under the Constitution of 1879, the legislature has power to levy an income tax. That question will be determined when presented in such manner as to render its decision necessary.

For the purposes of this case, it is sufficient to say that the legislature has not assumed to exercise such power.

. Taxation is exclusively a legislative power, and, however clear the power or even the duty of the legislature to levy taxes on any particular species of property, until that power has been exerted, the burden cannot be imposed. The legislative intention must be explicitly and distinctly shown, and cannot be extended by implication beyond the clear import of the language used. Cooley on Taxation, pp. 201–2.

We scan the provisions of existing laws relative to taxation and assessment of property in vain to find any expression of a legislative intention to assess or to tax income. Such taxation is of a peculiar character, requiring special provisions for defining and ascertaining the income to be taxed, and cannot be considered as falling within the scope of general provisions touching the assessment and taxing of property.

The absence of any express reference to income, and of all appropriate provisions for defining and ascertaining the income to be taxed, negatives the legislative intention to levy such tax, and leaves the action of defendants unsupported by legislative authority.

Judgment affirmed.