## No. 9274.

### MRS. ANN HUYGHE VS. HENRY BRINCKMAN.

An allegation that the plaintiff possesses the property as owner does not make the action petitory. It was necessary to allege that she possessed as owner or in some other capacity that entitled her to the possession. When the prayer is for the restoration of possession alone, the action is possessory.

Where the defendant pleads in reconvention sums expended for repairs, taxes, etc and was prevented from introducing testimony in support of his plea because the case went off on an exception, it will be remanded to enable him to introduce such testimony when he alleges that he possessed in good faith.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*A. Goldthwaite* for Plaintiff and Appellant.

*Bayne & Denegre* for Defendant and Appellant.

The opinion of the Court was delivered by ·

MANNING, J. This is an action to recover possession of an improved lot on First street in this city, from which the plaintiff was ejected on November 2, 1878 by the defendant. The suit was instituted within a year, viz on October 22, 1879, and therefore the prescription pleaded does not bar it.

The petition alleges that she is the owner of the property and had been in possession as owner quietly and without interruption for more than a year previous to her eviction, and prays that she have judg-

ment condemning the defendant to restore to her the possession, reserving her right to sue for damages. She afterwards filed an amended petition praying for forty dollars a month as damages for the illegal detention of the property.

An exception was made that the amended petition changed the nature of the original demand, but we can scarcely think it is seriously urged although it appears in the defendant's brief.

The case went off below on a ruling of the court that the allegations of the plaintiff virtually made the action petitory, and therefore permitted the defendant to offer evidence of title. The plaintiff appealed.

The allegations and prayer of the petition alike demonstrate the action to be possessory. We so regarded it when it was here before and so denominated it. Huyghe v. Brinkman, 34 Ann. 1179. The amended petition merely reiterated the allegations of the original and added a claim for damages.

The defendant insists that the distinct and independent allegation in the original petition " that she is the owner of the property, totally disconnected with any averments with reference to its possession," stamp the action as petitory.

It was necessary that she should allege to possess as owner or was in some other capacity entitled to possession. Preston v. Zabrisky, 2 La. 226. The prayer is alone for the restoration of possession, and that fixes the nature and kind of the action. The pleadings and issue are a reproduction of Kemper v. Hulick, 16 La. 44. The judge erred.

The proof of rental value is thirty dollars a month for which the plaintiff prays judgment. The defendant urges that he is entitled to reimbursement of taxes, necessary repairs, etc. in the event that we should reverse the ruling touching the kind of action, and did not offer any proof of them because under that ruling it became unnecessary. He alleges that he was a possessor in good faith, and asks the case be remanded to receive such proof.

We do not determine here the question of his possession in good faith, but it is fair that he should have an opportunity to shew it and the cost of taxes and whatever else he can properly plead in offset to the plaintiff's claim for rent.

It is therefore ordered and decreed that the judgment of the lower court is reversed, and that the plaintiff now have judgment for the

possession of the premises described in her petition, and for thirty dol--
lars a month as rent of same from November 2, 1878 with five per
centum interest from the expiration of each month and costs of both
courts, and that the case be remanded to receive proof of the matters·
above indicated and counter-proof of the same, and for judgment
thereon.

Rehearing refused.