## No. 1,337.

JAMES WILLIAMS ET AL. VS. A: D. HARMANSON, AGENT, ET AL.

1.   The prayer of the petition being merely for restoration of possession without any claim for recognition as owner, that fixes the character of the action to be a possessory one.

2.   In such an action the fact and nature of the possession claimed are alone at issue.

3.   It was not necessary for plaintiffs to allege the particular title under which they claimed to possess as owners; but such allegation, if made, does not convert the action into a petitory one.

4.   If plaintiff alleges and produces a particular title as the basis of possession, and if such title shows, on its face, that the possession under it is precarious and not as owner, this would be fatal to the action; but the mere allegation of a title of ownership not produced or relied on, or even appearing in the record, will not put plaintiff on proof of it as the sole basis of his right of possession, the nature of which may be otherwise established.

5.   When long possession is proved, accompanied by claims and acts of ownership, and in absence of any proof going to show a particular precarious title, law and the interests of society alike require its protection from extra judicial eviction.

6.   Damages for wrongful eviction allowed and fixed.

APPEAL from the Twelfth District Court, Parish of Avoyelles.
    *Coco*, J.

---

*Cullom & Cappel* for Plaintiffs and Appellants:

In possessory action, the defendant is not allowed to attack the title of plaintiff, nor establish it in himself — Kemple vs. Hulick, 16 L. 44; Frazier vs. Hardee, 21 Ann. 541 — for Article 55, C. P., forbids the cumulation of petitory and possessory actions, except by consent of parties — St. Armand vs. Long, 25 Ann. 166; — but plaintiff must allege title to show in what capacity he claims possession.   16 L. 45.

He must show the right to possess as owner or usufructuary.   2 Ann. 749; 2 L. 227; C. P. 46 to 53, inclusive.

Williams et al. vs. Harmanson, Agent et al.

It is the prayer of the petition which determines the character of the action. 16 L. 44; Hughe vs. Brinckman, 37 Ann. 240; 34 Ann. 1179.

In an exclusively possessory action, neither party is permitted to introduce evidence of title. Richardson vs. Scott et al., 6 L. 54; 5 Ann. 690.

Where a landlord, instead of resorting to the means provided by law, for obtaining payment of his rent, and possession of his premises, takes upon himself, without authority, to remove the property and turn out the family of his tenant he will be liable in damages; and will be no excuse that such removal was effected without violence or injury. 2 Robertson, 140; Thayer vs. Littlejohn et als.

In a suit for damages on account of trespass, the trouble and expense, the plaintiff has been illegally put to, are to be considered in estimating the damages.

Attorney's fees are part of such expense, and may be proved.

The attempt of a lessee or his vendee, to forcibly remove property subject to lessor's privilege, is a trespass, sounding in damages. Co-trespassers are liable in solido. 29 Ann. 213.

### *Thorpe & Peterman* for Defendants and Appellees:

1. In the possessory action, as in others, the burden of proof is upon the plaintiff.
2. The issues in the possessory action are, first, the fact of possession, and, second, the character of possession. 34 Ann. 1053.
3. When the plaintiff himself puts at issue his right of possession, exhibiting it in his title, he does so at his risk and peril. Ibid.
4. One knowing and believing property to belong to another does not possess it as owner and can not maintain the possessory action. 13 L. 237; 34 Ann. 1053.
5. The possession must be predicated upon an open adverse claim of ownership : a mere surreptitious claim to possess as owner will not suffice. 6 R. 103.
6. The party must possess as owner in presenti. 13 Ann. 572.
7. The refusal of the possessor to assess the land as his own and his application to third parties to buy it from defendant and sell it to him, are acts inconsistent with the claim of possession as owner, and evidence possession in the name of another.

The opinion of the Court was delivered by

FENNER, J. The motion to dismiss this appeal has no merit. The record clearly establishes that the appellants made due and formal application for an order of appeal which was duly granted. The clerk having failed to enter the order on his minutes, application was made to the judge, on notice to the appellees, to have the minutes corrected and the entry of the order incorporated therein, which application was granted by the judge.

As the order had been granted on the last day of term, application was properly made to the judge at chambers, and he had the right there, on proper proof of error, to cause his minutes to be corrected so as to conform to the facts. The order as thus entered fixes the return day and complies with all requirements.

The suggestion that the amount in dispute is not within our jurisdiction, is equally unfounded. The claim is for restoration to possession

of a farm and for damages for unlawful dispossession in the sum of over $5000. The latter claim may be excessive, but it is serious, and not, in any sense, so fictitious as to authorize a dismissal of the appeal in a case in which defendants would have clearly had the right to appeal to this court, had judgment gone against them.

## ON THE MERITS.

The petition alleges that plaintiffs purchased the tract of land in controversy in 1883, that, since said purchase, they have enjoyed continuous and uninterrupted possession, as owners, have paid taxes thereon and a large sum on account of the purchase price; that A. D. Harmanson, acting as agent of his wife, on the 6th day of February, 1889, with threats and violence, had evicted plaintiffs, their families and tenants from the property, and had unlawfully taken possession thereof and excluded plaintiffs therefrom; and thereby inflicted damage on them. They pray for judgment restoring and maintaining them in possession of the property and for the damages claimed.

Defendants answered by a general denial, and by a special denial that "plaintiffs ever purchased or possessed as owners."

The evidence establishes, without contradiction, that plaintiffs had enjoyed uninterrupted possession of the property during more than five years; that they had cleared land and built houses thereon; that they had paid taxes, several times, upon it; they exhibited a receipt signed by A. D. Harmanson, agent, for $697 18, "in payment on place."

The defendants fail, in any manner, to establish that plaintiff's possession was under a precarious title of any kind, or to qualify or characterize their possession as being under any title other than that of ownership. Their silence in this respect is certainly significant.

They rely simply on the fact that the property continued to be assessed in the name of Mrs. Harmanson, and that plaintiffs so permitted and directed its assessment; but this is not so inconsistent with their claim of ownership as to overcome the other evidence, especially when taken in connection with the payment of taxes by plaintiffs. Some evidence was also introduced to show that plaintiffs had applied to two parties to get them to buy from Harmanson and resell to them. But that application was accompanied by the statement that plaintiffs were to pay Harmanson one-half the crop annually on the price, and they wanted the witness to take Harmanson's place as vendor and let them pay only one-third of the crop annually. This is entirely consistent with their claim to be in possession as purchasers and owners.

This is a possessory action. It cannot be distinguished from Kemper

Williams et al. vs. Harmanson, Agent et al.

vs. Hulick, 16 La. 44, and Huyghe vs. Brinkman, 37 Ann. 240. As we said in the latter case, "the prayer is alone for the restoration of possession, and that fixes the nature and character of the action."

In another case we said: "The plaintiffs aver a title in their petition, which, they claim, has conferred upon them a life estate. This they did for the obvious purpose of showing that they claimed possession in their own right as owners, and not through another. They do not ask in the prayer of their petition to be recognized as owners, but merely to be quieted in their possession. It was not necessary for them to allege by what title they were in possession ; but they had a right to do so without thereby impressing upon their action the character of a petitory one." Salabah vs. Marsh, 34 Ann. 1054.

The contention of defendant that, by the allegation of a particular title, the plaintiffs converted their action into a petitory one and were thereby bound to establish such title as good and valid, is not sound. If, indeed, the title thus exhibited showed, on its face, that the possession based thereon was not as owner as required by C. P. Art. 47, it might be fatal to the possessory action, as was held in the case last quoted. But the mere allegation of a title of ownership not produced or relied on by either party and not appearing in the record, will be treated as a mere substantiation of the necessary allegation that plaintiff possessed under claim of ownership. We are not concerned with the sufficiency or even with the existence of such title. The fact and nature of the possession are alone at issue. In a petitory action defendants will have full opportunity to cancel and brush aside this title or any other title set up by plaintiffs, if found insufficient. But in face of the undoubted long possession of plaintiffs, of their claim as owners and acts as such, and in absence of the slightest proof attaching any different character to the possession, the law and the interests of society equally require that such possession should be protected from extra-judicial invasion and eviction, and that the parties should be remitted to legal process for the vindication of their rights.

We are bound to hold that plaintiffs are entitled to judgment in their possessory action.

It follows that they are also entitled to damages for their unlawful eviction, which is fully proved.

Upon due consideration of all the facts and circumstances of the case, we shall, without additional comment, fix these at the sum of $500, including attorneys' fees in reinstating the possession.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now adjudged and

decreed that there be judgmert in favor of plaintiffs, decreeing them to be restored to possession of the property described in the petition, and that the defendants be condemned *in solido* to pay to plaintiffs the sum of $500 as damages with legal interest from judicial demand; defendants to pay costs in both courts.

Judgment reversed.