(45 South. 604.)

No. 16,635.

CHASSANIOL et al. v. BOARD OF ASSESSORS OF PARISH OF ORLEANS et al.

(Jan. 20, 1908. Rehearing Denied Feb. 17, 1908.)

TAXATION — PROPERTY SUBJECT — CORPORATE SHARES.

Under the present revenue laws of this state shares of stock in all corporations except banking corporations are not taxable. Section 28, Act No. 170, p. 363, of 1898, provides that all corporations not engaged in banking shall be taxed on all the property owned by them, respectively, and makes no provision for the assessment and taxation of the shares of such corporations. The legislative intent to double the burden of taxation on ordinary corporations and to discriminate in favor of banking corporations cannot be inferred from general terms defining the objects of taxation. The special provisions of the act relative to the taxation of corporations must be taken as indicating the lawmakers' intent on the particular subject-matter.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Eugene Chassaniol and others against the board of assessors of the parish of Orleans and others. Judgment for defendants, and plaintiffs appeal. Reversed.

Miller, Dufour & Dufour, for appellants. Francis Charles Zacharie, for appellee tax collector. George Hitchings Terriberry, for appellee board of assessors. Henry Garland Dupré, Asst. City Atty. (Harry Prentiss Sneed, of counsel), for appellee city of New Orleans.

LAND, J. Plaintiffs in this suit are the owners, respectively, of one share of the capital stock of the New Orleans Stock Exchange, a corporation organized under the laws of the state of Louisiana, and they sue to cancel the assessment of said shares for taxation for the year 1906. Plaintiffs represent that said assessment is null and void for the reasons and on the grounds (1) that under the laws of the state of Louisiana shares of stock in corporations, other than banking corporations, are not liable to assessment and taxation, and (2) that, if such shares are assessable for taxation, then the assessment of the shareholders of the New Orleans Stock Exchange is a denial to petitioners of the equal protection of the laws, and deprives them of their property without due process of law, in violation of the Constitution of the state of Louisiana and the fourteenth amendment to the Constitution of the United States, because the shareholders of all other corporations in the state, except banking corporations, were not assessed for taxation for the year 1906.

The defendants pleaded the general issue, the cause was tried, and there was judgment rejecting plaintiffs' demand. They have appealed.

The first contention of plaintiffs is that the shares of no corporation, except banking concerns, are assessable for taxation under the

present revenue laws of the state, and that all other corporations are assessable upon all their taxable property. Sections 27 and 28, Act No. 170, pp. 362, 363, of 1898.

Under section 27 the assessment of the capital stock of banking corporations is forbidden, and such institutions are taxable only on their real estate. The same section provides that the shares in such corporations shall be assessed to the shareholders at their actual value as shown by the books of the bank. The same section further provides that:

"All real estate owned by the bank * * * shall be assessed directly to the bank, and the pro rata of such direct property taxed, proportioned to each share of capital stock, shall be deducted from the amount of taxes assessed to that share under this section."

Section 28 provides:

"That all other corporations, save those enumerated in section 27 of this act, shall be assessed directly upon all property owned by such corporations, which is taxable under section 1 of this act."

Section 1 (page 346) provides for the levying of taxes on the "assessed valuation of all property situated within the state of Louisiana, except such as is expressly exempted by law," and enumerates at great length the different classes of things which are included in the meaning of the term "property." It is to be noted that no shares of stock, except of banking corporations, are included in this enumeration.

Section 29 of the act provides for the assessment of the physical properties, movable and immovable, of railroad and other transportation corporations.

These sections show radical differences between the assessment of banking corporations and that of all other corporations. In the first place, an incorporated bank is not taxed on its assets, other than real estate, while all other corporations are taxed on all their property, movable and immovable, corporeal and incorporeal. In the second place, the

shares in banks are taxed against the individual shareholders, while no mention is made of shares in the sections providing for the taxation of other corporations.

Defendants' theory that the revenue act of 1898 provides for the assessment and taxation of all property not specially exempted by the Constitution of 1898 would nullify section 27 as to the nonassessment of the assets of banking corporations, and would read into sections 28 and 29 the additional requirement that all shares of stock in other corporations should be assessed against the shareholders.

That the revenue act in question does not contemplate the assessment of the assets of banking corporations, other than is provided in section 27, is manifest from the following extract from section 1:

"The above enumeration of assessable property is in no wise intended to apply to the assets of banking companies or associations whose shares of stock are assessed in lieu thereof under section 27, save in so far as is declared in said section 27."

We must either conclude that the lawmaker intended to apply this rule of equivalents to all corporations or that he intended to unjustly discriminate in favor of the incorporated banks of the state. The subsequent sections of the act show that the lawmaker has taxed corporations in accordance with the rule announced in section 1. Thus in section 27 the shares of banking corporations are taxed, and the assets of the corporations exempted. The single exception of real estate proves the intent of the lawmaker not to tax the shareholders and the corporation on the same values, because provision is made for the deduction of the assessed value of real estate from the assessed value of the shares. In sections 28 and 29 all the property of other corporations is directly taxed, and no provision is made for the taxation of shares. Whether right or wrong from the standpoint of constitutional requirements, the Legislature of this state has

persistently refused to tax at the same time both the shares and capital stock of corporations. Such taxation has been regarded by the lawmaker as a species of double taxation to be avoided. Section 48, Act No. 77, p. 102, of 1880, provided for the assessment of the shares of all corporations, including railroads partly in this state, forbade the assessment of the capital stock of corporations, but required all taxable property owned by corporations to be assessed directly against them. In order to avoid double taxation and the indirect taxation of exempt property, it was provided that the pro rata of direct property taxes, and of exempt property, proportioned to each share of capital stock, should be deducted from the amount of taxes assessed to that share. This cumbersome plan of corporate taxation continued in force until it was superseded by Act No. 106, p. 121, of 1890. The provisions of this act relative to the taxation of corporations were re-enacted in 1898, and constitute the existing legislation on the subject. A comparison of the provisions of Act No. 106, p. 121, of 1890, with those of Act No. 77, p. 88, of 1880, on the subject-matter of the taxation of corporations, will show their radical differences. Under the act of 1880 the shareholders of all corporations were taxed on their shares. Under the act of 1890 only the shares of incorporated banks are taxable, and all other corporations are taxed on their property in the same manner as individuals. The legislative intent to repeal the tax on shares other than bank shares is too obvious for further discussion. The contrary hypothesis would lead to the conclusion that the Legislature intended, without saying so, to impose a double burden of taxation on corporations other than those for banking purposes, in plain violation of all rules of equality, and in contravention of the declared legislative policy not to tax the corporation and the shareholders on the same values. It may be con-

ceded, for the purposes of argument, that it was the duty of the Legislature under constitutional provisions to enact laws taxing both the capital stock and the shares of corporations. But the Legislature has not done so, and the assessors have no jurisdiction to supply the omission. "Taxation is exclusively a legislative power, and however clear the power, or even the duty, of the Legislature to levy taxes on any particular species of property, until that power has been extended the burden cannot be imposed." Forman v. Board of Assessors, 35 La. Ann. 825; N. O. Cotton Exchange v. Board of Assessors, 35 La. Ann. 1154; State v. Board of Assessors, 111 La. 1004, 36 South. 91; La. & A. R. Co. v. Bailey, 115 La. 937, 40 South. 358. In New Orleans Cotton Exchange v. Board of Assessors, supra, it was held by a majority of the court that the Cotton Exchange was not a money-making and dividend-paying corporation, as contemplated by Act No. 77, p. 88, of 1880, and could not be charged with the payment of taxes assessed against its shareholders. Section 28 of the revenue acts of 1890 and 1898 includes all corporations, other than banking concerns, and necessarily embrace incorporated commercial exchanges. Under the present revenue laws such exchanges are taxable on all their property, but not on their shares. The circumstance that the shares of such a corporation may be worth four or five times as much as all the property of the exchange cannot affect the question of law involved in this case. If the shares in the Stock Exchange are taxable, then the shares in every mercantile business, and transportation corporation in the state are also taxable. The result would be a doubling of taxation on all corporations, except banking institutions. We feel convinced that the lawmaker never ·dreamed of imposing such an additional burden on the business corporations of the state. The taxation of incorporated commercial exchanges as a

separate class, sui generis, has not been hitherto essayed by the Legislature; and this court is therefore bound to treat them as ordinary corporations engaged in business pursuits.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiffs and against the defendants, canceling from the assessment rolls of the year 1906 and decreeing null and void the assessment of each of the plaintiffs' share or seat in the New Orleans Stock Exchange; and it is further ordered that the defendants pay costs in both courts.