LAND, J.
Plaintiffs sued to annul and cancel the assessments of their respective shares of the capital stock of the New Orleans Cotton Exchange, on the ground that the revenue laws of the state do not require or authorize the assessment of said shares to their owners, and for other reasons. There was judgment in favor of the defendants, and plaintiffs have appealed.
This case cannot be distinguished in principle from that of Chassaniol v. Board of Assessors (recently decided by this court) 120 La. 777, 45 South. 605, in which we held that shares of stock of the New Orleans Stock Exchange are not taxable under the present revenue laws of this state.
The Legislature of Louisiana has uniformly construed the Constitutions of 1879 and 1898 as not requiring the taxation of both the assets and shares of corporations. Under the provisions of Act No. 77, p. 88, of 1880, requiring the assessment of both the shares and taxable property of all corporations, the direct property taxes were deducted from the taxes assessed to the shares.
Under the provisions of Act No. 106, p. 121, of 1890, only the shares of incorporated banks were taxable, and the corporation was assessed only on its real estate, and the tax thereon was deducted from the taxes assessed to the shares. The same act further provided that all other corporations should be assessed directly upon all property owned by them in the same manner as natural persons. The same provisions were incorporated in Act No. 170, p. 346, of 1898, the present revenue law of this state. Act No. 66, p. 103, of 1906, amending and re-enacting section 28 of said act of 1898, provides for the direct taxation of all corporations, except *152 banks and local life insurance companies, upon all their property not exempt from taxation, and provides for the taxation of such insurance companies on their net admitted assets above liabilities, direct property taxes to be deducted. The result is that the provision of the Constitutions of 1879 and 1898 that “all property shall be taxed in proportion to its value,” has been uniformly con- • strued by the Legislature as not requiring the taxation of both the assets and shares of corporations.»
The revenue acts of 1880 and of subsequent years, while in express terms levying taxes on all property not especially exempted by the Constitution, have treated shares of stock as representing all the property of the corporation, and vice versa. This construction was also followed by the assessors throughout the state until the year 1906, when the shares of stock of the New Orleans Stock Exchange and of the New Orleans Cotton Exchange were assessed, for the purpose of making a test case.
There is nothing in the language of the Constitution which requires double taxation on the same values. The theory of the defendants’ case inevitably leads to the conclusion that all the provisions of our revenue laws since 1879 relative 'to the taxation of corporations are unconstitutional, and that both the assets and shares of all corporations, without distinction, should be assessed at their cash value.
The result of such theory would lead to a doubling up of taxation on every corporation in the state, from the bank and railroad to the ordinary business company. We are of the opinion that neither the framers of our Constitution nor the makers of our revenue laws ever contemplated dual taxation of this kind. We see no good reason to change our views as expressed in the Chassaniol Case, supra.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiffs, decreeing the assessments of their shares of stock in the New Orleans Cotton Exchange to be null and void, and ordering that the said assessments be canceled from the rolls for the city of New Orleans and parish of Orleans for the year 1906; and it is further ordered that the defendants pay costs in both courts.
MONROE, J., recused.