POMPEY P. F ...L.ON, ET AL        :        NO. 8585

ver 1 :        :        COURT OF APPEAL

ANTONI O CANTONE        **8585**        PARISH OF ORLEANS

---

WILLIAM A. BELL, JUDGE:

---

**8585**

BY: WILLIAM A. BELL, JUDGE:

This case is presently before the Court on de-
fendant's motion to dismiss plaintiffs' appeal for want
jurisdiction ratione materiae. It is contended that the
averments and demands set forth in plaintiffs' original
petition having, among other things, specially set up a
certain contract of purchase of real estate alleged to be
worth $5,000, and plaintiffs having specially prayed for
specific performance compelling defendant to convey to him
the property in question, that on appeal from a judgment
dismissing their demand, this Court is without jurisdiction
ratione materiae to entertain the appeal.

The record shows that in the original petition
plaintiffs prayed for specific performance, as above set
forth, and in the alternative for damages in the sum of
$1,375. Suit was instituted on September 1, 1920, to which
defendant filed exceptions of no cause of action, on Sep-
tember 15, 1920. Plaintiffs then filed a supplemental and
amended petition on January 10, 1921, in which it is alleged
"that they re-adopt all of the allegations of said original
petition, except as may be modified herein," and they then pro-
ceed to allege in Par. II of said supplemental petition that
they had recently, and after filing of the original petition,
been reliably informed, and therefore alleged as true, that
the defendant did not own the real estate in question, of which
he represented himself to be the owner, and that they therefore,
on reliable information received, further alleged that the de-
fendant was only a part owner of the property involved. In
Par. IV. of the supplemental petition, it was further pleaded
that owing to the bad faith, delays and damages caused to the
plaintiffs by the faults of the defendant, they were entitled

to be relieved of any obligations to purchase the property described, and that because of the faults and bad faith of the defendant, th t they were entitled to recover the damages previously alleged in Par. VII. of their original petition, aggregating the sum of $1,375. The prayer of the supplemental petition reads as follows:

> "W H E R E F O R E, plaintiffs pray that this supplemental petition be filed and that defendant be duly cited and served herewith according to law, and that, after legal delays and due proceedings had, there be judgment in their favor against said Antonio Cantone in the principal sum of THIRTEEN HUNDR'D AND SEVENTY-FIVE DOLLARS ($1375.00) for damages above stated and reasons and causes alleged in the original and supplemental petitions, with Five Per Cent (5%) interest per annum from September 1st, 1920, until paid, and all costs of suit.
>
> Petitioners further pray for full and general relief."

On January 24, 1921, defendant, among other exceptions, which need not be detailed here, filed additional plea of no cause of action, against the supplemental petition above referred to. All exceptions, to both the original and supplemental petition, were over-ruled by the Trial Court, and after issue joined there was finally judgment dismissing plaintiffs' petition, from which judgment appeal has been taken to this Court.

We are of the opinion that the supplemental petition, with its specific reservations, allegations and prayer, conclusively establish, with full regard to the provisions of the Code of Practice of this State, a complete abandonment, in proper and legal form, established before judgment, of all demand for specific performance as originally set forth in the original petition filed in these proceedings. Every provision of the Code of Practice in regard to the filing of supplemental pleadings, has been observed, and neither the supplemental pleading nor the prayer contained therein, has, in any manner, prejudiced the rights of the defendant, as said rights existed either before or subsequent to the judgment herein appealed from.

The desideratum *of* "orceful, scientific plead-
ing, cannot be stated better ~~than~~ by the language found in
Art. 161 of the Code of Practice, which provides:

> "It is sufficient, in all judicial
> demands which are required to be in
> writing, to express clearly what is de-
> manded, with such conclusions as may
> serve for a basis to the judgment to
> be rendered in the cause,"

The "conclusions" referred to in the above
article are necessarily found in the pleader's prayer, which
concludes his original or supplemental petition, or answer,
as the case may be, and with due regard to the proviso found
in Art. 149 of the Code of Practice, that "inconsistent
demands cannot be cumulated in the same action," We know
of no prohibition against the litigant either amplifying
or modifying his original demand before issue joined or
judgment rendered. It has been frequently stated as a
doctrine of judicial interpretation, supported by endless
authorities that in order to ascertain what is demanded in
a particular suit, resort must be had to the prayer of the
petition. Hart et als. v. Untereiner et als., 14 Orleans
App. 146; Slocum v. de Lizardi, 21 Ann. 355; Kemper's
Heirs v. Hulick, 16 La., 44; Hood v. Segrest, 1 Rob. 109;
Hass v. Irion, 121 La., 149.

In Hader v. Fox, 15 La. 132, it was held
"that a supplemental petition praying for a new order of
seizure, and claiming instalments not due when the original
petition was filed, does not change the original demand,
and is admissible." It has been further held, and is con-
sistent with Art. 156 of the Code of Practice, that a sup-
plemental petition which does not change, but simply ampli-
fies the issues tendered, should be allowed. Ramoneda v.
Mikletisch, 1 Orleans App., 296; Trenchard v. Railway
Co., 123 La., 126; Remititur before judgment is always per-
missible, and the supplemental prayer in the pleadings before
us, carries with it an abandonment of the original claim for
specific performance, and under all rules of consistent

309

pleading looking to the simplifying of issues joined, the restricted, or modified demand in this proceeding has clearly established the fact that, had the judgment been rendered in favor of plaintiffs against the defendant, nothing more than a judgment for damages in the sum of $1,375 could have been rendered, for the reason that nothing more has been demanded on the face of the pleadings.

MOTION TO DISMISS IS DENIED.

April 24, 1922.