J. BODINGER REALTY CO., INC., v. TULANE INVESTMENT CO., INC., ET AL., Appellant

---

(January 4, 1926, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Petitory and Possessor—Par. 69, 70.**
A plaintiff in a possessory action will be allowed reasonable rent as damages, when it is shown that the defendant was responsible for the unlawful occupancy of the premises.

Appeal from the Civil District Court. Hon. Percy Saint, Judge.

This is a possessory action coupled with a demand for damages. There was judgment for plaintiff maintaining its possession and awarding damages for rent alone.

The defendant, Tulane Investment Company, alone appealed. The defendant, Green, did not appeal.

Judgment amended and affirmed.

W. J. Hennessey, of New Orleans, attorney for plaintiff, appellee.

F. F. Teissier, of New Orleans, attorney for defendant, appellant.

WESTERFIED, J.   This is a possessory action coupled with a demand for damages itemized as follows:

1. Loss of rental from June 1, 1922, to May 31, 1923, at $20.00 per month _____$240.00
2. Attorney's fees expended in this suit to regain possession of said property _____ 100.00
3. Damages done by William Green, Agent of the Tulane Investment Company, Inc., in breaking partition, wall, doors and other parts of the property _____ 100.00
4. Punitive damages _____ 200.00

Total _____$640.00

The court *a qua* found for plaintiff maintaining its possession and awarded damages for rent alone at the rate of $20.00 per month from June 18, 1922, to April 16, 1925, the date of the judgment. The defendant, Tulane Investment Company, has appealed and plaintiff has answered asking for the items of damages rejected by the trial court. However, in argument these rejected items were abandoned and plaintiff's claim reduced to the amount awarded by the judgment. The defendant Green has not appealed, and we shall hereafter refer to the Tulane Investment Company as the defendant.

The right of plaintiff to the possession of the property is not disputed. The only question for decision is whether defendant was guilty of trespass involving its liability for damages, and if so, the quantum.

It appears that the defendant sued out a writ of possession in the Civil District Court under the Number 143,164 of the

docket of that Court in order to cause its vendee, Green, co-defendant herein, to be put in possession of a certain lot, No. 13, Square 216, Algiers. In the execution of this writ, the Sheriff, either through his own fault, or by the fault of the defendant, as we shall presently determine, placed Green in possession of plaintiff's property, which is located in the same square and consists of lots 17 to 20, both inclusive. The property which was vacant just prior to Green's entry, was subsequently rented by plaintiff for a rental of $20.00 per month for one year, and when the tenant undertook to take possession, he found Green installed and insisting upon his right to remain by virtue of his purchase agreement with the defendant. Several demands were made upon the defendant for possession of the premises, resulting in evasive replies, but Green continued to remain in possession.

Defendant disclaims any responsibility for the admitted trespass of Green and insists that it was due to the error of the Sheriff that Green was put in possession of plaintiff's property originally, and that Green's subsequent detention of the property was upon his (Green's) sole responsibililty. The lot sold to Green, it is pointed out, was lot 13 and not lots 17 to 20. The writ of possession so reads and it is claimed that defendant cannot be held responsible for Green or for the Sheriff's action. But when the Sheriff called at the office of defendant for information necessary to the execution, he saw Mr. Morales, defendant's president and according to the Sheriff, Mr. Morales sent a negro by the name of Dosier, who was then present, to point out the property to him. Dosier accompanied the Sheriff across the river and was present when Green was put in possession, though he claims that Green pointed out the property. Defendant says that Green was a volunteer

and that he happened to be in the office when the sheriff called and offered to show the property, because he was familiar with the locality; that Dosier was not an employee and not connected with the company in any way; that if the sheriff chose to follow Dosier, well, it was the sheriff's responsibility. We do not think so. In the first place, it was defendant's duty to direct the sheriff in the execution of the writ as well as to its interest to have it executed. We are not at all sure that Dosier was entirely disassociated from the defendant, and the secretary of the defendant when placed upon the stand by defendant, seemed equally uncertain in that respect, for after stating that Dozier was not an officer or employee of defendant, he says "he was employed but not an officer" and "from what I have in mind, he was working for the house, but he was no officer of the company", and finally, when asked, "will you say that he was or was not an employee of the company", he answers, "I would rather say he was not. I cannot tell that he was".

We are convinced that Dozier acted as the agent of the defendant in this transaction, whatever may have been his relation with the defendant company. Every probability supports this conclusion weakens the contrary contention of defendant. We also think Dozier entirely responsible for the trespass upon plaintiff's property, for even if Green did direct the sheriff, Dozier appointed by defendant and charged with that duty, should not have permitted Green to interfere.

Counsel says that in any event, the judgment appealed from must be amended, because defendant cannot be held liable for "any rent prior to November 20, 1922, the date on which the sheriff made his return nor subsequent to March 29, 1923, when Green vacated the premises".

It is true that the sheriff's return indicates that defendant was put in possession

on November 20, 1922, but Green was in possession of plaintiff's property under authority from the defendant long before the date mentioned in the sheriff's return, if as a matter of fact the date given by the sheriff in his return is not erroneous, as seems probable. Defendant, under date of September 26, 1922, wrote Mr. Hennessey, plaintiff's counsel as follows:

"Your letter of the 22:

"In re: J. Bodenger vs.
Tulane Invst. Co.
5th District.

"I am directed by our Board of Directors to say that your claim is untenable. It seems if anybody is liable for any such damages as you claim it would be the Civil Sheriff of the Parish of Orleans.

"We sued out a writ of possession on which we were placed in possession of this property, and if any mistake was made in the matter it was not made by us.

"William Greene who was placed there to take care of the property only occupied said premises about three weeks, and we understand he has made arrangements with the owner to pay for this and his future occupancy of the said premises.

"Very respectfully,

"(Sgd) J. P. Breaux,
"Sec."

We can find no evidence connecting the Tulane Investment Company with Green's occupancy of the property prior to three weeks before the date of this letter. We have no means of knowing when the possession of the property was restored to plaintiff. The trial court allowed rent up to the date of its judgment, April 16, 1923, and we will accept that date.

The judgment must, therefore, be amended so as to allow damages at the rate of $20.00 per month beginning September 1, 1922, and terminating April 16, 1923, and as thus amended, it is affirmed.