## BARROW et al. v. SIRACUSA.
### No. 1555.

Court of Appeal of Louisiana. First Circuit Feb. 20, 1936.

C. A. Blanchard, of Morgan City, for appellant.

Chas. Fernandez, of Franklin, for appellees.

DORE, Judge.

This suit is clearly a possessory action, coupled with damages for the illegal removal of a double toilet, or privy, and articles therein stored, and the cultivation of a part of the land in question. There was judgment in favor of the plaintiffs and against the defendant quieting their possession, and awarding damages to the amount of $62. Defendant has appealed, and plaintiffs have answered the appeal, praying for an increase of the damages allowed.

The defendant filed several exceptions prior to answer, and which exceptions were overruled. On appeal, the defendant does not ask that we consider the same, nor does he pray that the same be sustained; we shall therefore overlook and not pass upon the same.

The only questions at issue in actions of this kind are, the possession of the plaintiffs, as owners, for more than one year prior to their disturbance; the fact of disturbance; and the timely filing of the suit.

As to the possession of the plaintiffs, it is abundantly proven that they have been in actual physical and peaceable possession, as owners, of the said property for the past forty years or more. Defendant himself, in his answers in open court and while on the witness stand, admits that these plaintiffs have been in possession, as owners, of the said tract of land for more than a year. His sole defense being that he is the owner of that portion of the property cultivated by him, and of which he disturbed the possession of plaintiffs, by deed translative of property; this defense cannot avail him on account of the timely objection of the plaintiffs. Title to the property not being at issue. The defendant could not transform the action from possessory to petitory, unless with the consent of the plaintiffs.

As to the disturbance, the evidence is abundant to the effect that defendant did disturb the possession, by taking physical possession and cultivating a part of the said property, destroying or demolishing a double toilet, or privy, situated thereon, and removing such articles which may have been stored in the said double toilet.

As to the timely filing of the suit, it does not seem to be seriously disputed. The disturbance took place in May, 1932, and was continuous during that year and the following year. Suit was filed in September, 1932, and which suit was dismissed on an exception in June, 1933, and this suit was immediately filed.

Plaintiffs have made full proof as required by the Code of Practice relative to possessory actions as defined therein.

As stated by the presiding judge, it would be a useless waste of time to review the testimony given in this case in that defendant has admitted, on the witness stand, all such necessary matters to sustain the possessory action; and his sole belated defense seems to be that he was authorized to plow up the strip of land taken by him by certain plaintiffs herein, as a matter of compromise. Yet he has failed to prove to the satisfaction of the court below and to us such a defense.

The only serious item of damages proven to our satisfaction and that of the lower court was the demolishing of that double toilet or privy. The lower court assessed the value of the same at $12; we cannot say that he erred. The lower court also allowed the sum of $50 to plaintiffs for humiliation, inconvenience, and annoyance and trouble occasioned by the demolition of the said double privy, and the trespass vel non. We believe it not to be excessive, nor do we see any good reasons why it should be increased.

This case presenting only questions of facts, the lower court having solved these facts in favor of the plaintiffs, we cannot say that he is manifestly in error.

Judgment affirmed.