### UNION METHODIST EPISCOPAL CHAPEL v. RUPP.

### No. 1651.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

J. H. Percy, Jr., of Baton Rouge, for appellant.

Dudley L. Weber, of Baton Rouge, for appellee.

DORE, Judge.

This is a possessory action coupled with damages. The plaintiff is an incorporated colored church, and sues the defendant to be restored to the possession of its church property consisting of one acre of land, more or less, in East Baton Rouge parish, together with the church building and appurtenances connected therewith, of which property plaintiff alleges it has been unlawfully deprived by the defendant. Plaintiff also seeks damages on account of the willful and malicious removal and destruction of certain property on the land, viz., the chimney in the parsonage, valued at $50; the parsonage, valued at $500; three shade trees, valued at $200; fencing, valued at $20; four planks out of the church building, to the amount of $30; and the rental on account of being deprived of the use of the church building and property at $50 per month from the time plaintiff was deprived of its property on January 14, 1932, by the defendant until restoration thereof.

The defendant first filed an exception to the capacity of plaintiff to sue and stand in judgment on the ground that the plaintiff church was not a going concern and no one was legally authorized to prosecute the suit. In the alternative, defendant filed an exception of no cause or right of action. These exceptions were overruled, and are not pressed on this appeal. If they have not been abandoned, we think they are without merit.

The answer is practically a denial of all the allegations in the petition, except the one that defendant claims to own the property, which allegation is admitted. In a supplemental answer, defendant makes more specific denials of the allegations of the petition.

Judgment was rendered decreeing that plaintiff was entitled to the possession of the property described in the petition, and ordering that plaintiff be restored to possession of said property. The claim of the plaintiff for damages to the property and for being deprived of its use was rejected. From this latter part of the judgment rejecting its claim for damages and for the use of the property, plaintiff has appealed. The defendant has not taken an appeal, nor has he answered the same; and therefore the judgment, in so far as it restores plaintiff to the possession of the property, is not before us on this appeal. However, we will say that the judgment is correct in that the plaintiff has fully proved his case in matters of this kind. We will therefore confine ourselves to the claim of the plaintiff for damages.

In a possessory action, damages suffered by the plaintiff on account of the dispossession caused by the defendant, as well as the rental value of the property of which plaintiff has been deprived, may be recovered in the action. Williams v. Harmanson, 41 La.Ann. 702, 6 So. 604; Bodinger Realty Co., Inc. v. Tulane Investment Co., Inc., et al., 3 La.App. 261; Barrow et al. v. Siracusa (La.App.) 165 So. 738. But of course, plaintiff must prove these damages with that reasonable degree of certainty necessary to form the basis of a judgment. Means v. Hyde, 19 La.Ann. 478.

The judgment having decreed that plaintiff is entitled to the possession of the property and no appeal having been taken from this part of the judgment, it follows that the plaintiff is entitled to recover damages if the proof shows that any damages were suffered. Taking up the items claimed as damages, we find:

The evidence shows that the defendant tore down, or had torn down, the chimney in the parsonage on the property, and that he also tore down the house used as the parsonage. Some of the material from the chimney and the parsonage remained on the ground. The evidence shows that the parsonage was an old and somewhat dilapidated three-room box house. There is some evidence that the damage to the parsonage was from $200 to $500, and some evidence that it was not worth anything. We think an award of $50 for the damage to the house and chimney would be sufficient. For

the destruction of the fence, we believe an award of $10 to be justifiable; and for the destruction of the thorn shade tree, an award of $5 to be sufficient. There has been shown no damages done to the church building save the removal of a board or a few planks, the value of which was not established.

Two witnesses testified that the rental value of the property was at least $10 per month. The defendant claims it has no rental value. We think that an allowance of $100 for the use of the property from the time plaintiff was deprived of its use in January, 1932, until it was restored to possession, in July or August, 1935, a period of some three years and six months, does substantial justice.

This makes a total amount of $165.

For these reasons, the judgment herein appealed from is hereby amended by allowing plaintiff and against the defendant judgment in the amount of $165 with judicial interest thereon from date of rendition of this judgment, together with all costs in both courts, and as thus amended the judgment stand affirmed.